| | | |
|---|---|---|
| AOC-105  Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. 11-CI-2027<br>Court ☑ Circuit ☐ District<br>County Kenton |

**PLAINTIFF**

Mary E. Trenkamp

VS.

**DEFENDANT**

VillaSpring Health Care Center, Inc.
390 Wards Corner Road
Loveland, Ohio 45140
Serve: Certified Mail

**Service of Process Agent for Defendant:**
VillaSpring Health Care Center, Inc.
Attn: John P. Muller
960 Highland Avenue; Ft Thomas, Ky 41075
Serve: Certified Mail

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 8-2, 2011

By: John C. Middleton _____ Clerk
_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. 11-CI-2027<br>Court  ☑ Circuit  ☐ District<br>County  Kenton |
|---|---|---|

**PLAINTIFF**

Mary E. Trenkamp

VS.

**DEFENDANT**

VillaSpring Health Care Center, Inc.

390 Wards Corner Road

Loveland, Ohio 45140

Serve: Certified Mail

**Service of Process Agent for Defendant:**

VillaSpring Health Care Center, Inc.

Attn: John P. Muller

960 Highland Avenue; Ft Thomas, Ky  41075

Serve: Certified Mail

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ___8-2___, 2011

By: _John C. Middleton_  Clerk

_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title



FILED
KENTON CIRCUIT/DISTRICT COURT
AUG 0 2 2011
BY JOHN C. MIDDLETON
D.C.

COMMONWEALTH OF KENTUCKY
KENTON CIRCUIT COURT
___ DIVISION
CASE NO. 11-CI-2027

| | |
|---|---|
| MARY E. TRENKAMP | )<br>)<br>) |
| Plaintiff | )<br>) |
| vs. | )<br>) |
| VILLASPRING HEALTH CARE<br>CENTER, INC.<br>390 Wards Corner Road<br>Loveland, Ohio 45140 | )<br>)<br>)<br>)<br>) |
| d/b/a VILLASPRING OF ERLANGER<br>390 Wards Corner Road<br>Loveland, Ohio 45140 | )<br>)<br>)<br>) |
| d/b/a VILLASPRING OF ERLANGER<br>HEALTH CARE CENTER &<br>REHABILITATION, INC.<br>4400 Glen Este-Withamsville Road<br>Cincinnati, Ohio 45245 | )<br>)<br>)<br>)<br>) **COMPLAINT**<br>**WITH JURY DEMAND** |
| <u>Facility Address</u><br>630 Viox Road<br>Erlanger, Kentucky 41018 | )<br>)<br>)<br>) |
| <u>Serve Registered Agent</u><br>John P. Muller<br>960 Highland Avenue<br>Ft. Thomas, Kentucky 41075<br>*By Certified Mail* | )<br>)<br>)<br>)<br>) |
| And | )<br>) |
| CARESPRING HEALTH CARE<br>MANAGEMENT, LLC<br>390 Wards Corner Road<br>Loveland, Ohio 45140 | )<br>)<br>)<br>) |
| <u>Serve Registered Agent</u><br>John P. Muller<br>960 Highland Avenue<br>Ft. Thomas, Kentucky 41075<br>*By Certified Mail* | )<br>)<br>)<br>)<br>) |

1

|  |  |
|---|---|
| And | ) |
|  | ) |
| CARESPRING LEASING, LLC | ) |
| 390 Wards Corner Road | ) |
| Loveland, Ohio 45140 | ) |
|  | ) |
| <u>Serve Registered Agent</u> | ) |
| John P. Muller | ) |
| 960 Highland Avenue | ) |
| Ft. Thomas, Kentucky 41075 | ) |
| *By Certified Mail* | ) |
|  | ) |
| Defendants | ) |

Comes now the Plaintiff, **MARY E. TRENKAMP**, through counsel, and for her causes of action against the Defendants, states as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff, **MARY E. TRENKAMP** (hereinafter **TRENKAMP**) was admitted as a resident of Villaspring Health Care Center, Inc. d/b/a Villaspring of Erlanger; d/b/a Villaspring of Erlanger Health Care Center & Rehabilitation, Inc., located at 630 Viox Road in Erlanger, Kenton County, Kentucky, on March 5, 2010 and remained a resident there until August 11, 2010.

2. Defendant, **VILLASPRING HEALTH CARE CENTER, INC. D/B/A VILLASPRING OF ERLANGER; D/B/A VILLASPRING OF ERLANGER HEALTH CARE CENTER & REHABILITATION, INC.** (hereinafter **VILLASPRING**) is a foreign corporations with their principal place of business in Ohio and are licensed to do business in Kentucky and at all times material to this action was the "licensee" authorized to operate a nursing facility under the name of Villaspring of Erlanger and Villaspring of Erlanger Health Care Center & Rehabilitation, Inc. in Kenton County, Kentucky. The agent for service of process for **VILLASPRING** is John Muller, 960 Highland Avenue, Ft. Thomas, Kentucky 41075.

2

3. Defendants, **CARESPRING HEALTH CARE MANAGEMENT, LLC** and/or **CARESPRING LEASING, LLC** (hereinafter **CARESPRING**) are foreign corporations with their principal place of business in Ohio and are licensed to do business in Kentucky and at all times material to this action owned, operated, and/or managed **VILLASPRING** in Kenton County, Kentucky. The agent for service of process for **CARESPRING** is John Muller, 960 Highland Avenue, Ft. Thomas, Kentucky 41075.

4. Defendants controlled the operation, planning, management, budget and quality control of **VILLASPRING**. The authority exercised by Defendants over **VILLASPRING** included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policies and procedures used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

5. As this Court has personal jurisdiction over all Defendants pursuant to KRS 452.210(7), venue is proper.

6. The amount in controversy exceeds this Court's jurisdictional minimum.

## COUNT I – GENERAL ALLEGATIONS

7. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 6 as if fully set forth herein.

8. **TRENKAMP** was a resident of **VILLASPRING** (sometimes referred to as "the facility") from March 5, 2010 until August 11, 2010.

9. **TRENKAMP** was looking to **VILLASPRING** for treatment of her total needs for custodial, nursing and medical care and not merely as the situs where others not associated with the facility would treat her.

3

10. At all relevant times mentioned herein, Defendants owned, operated, managed and/or controlled **VILLASPRING**, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

11. Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

12. Defendants failed to discharge their obligations of care to **TRENKAMP** with a conscious disregard for her rights and safety. At all times mentioned herein, Defendants, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by **TRENKAMP**, as more fully set forth below. Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of **VILLASPRING**.

13. Due to the wrongful conduct of Defendants, **TRENKAMP** suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

   a. Skin tears;

   b. Multiple infections; and

   c. Physical abuse by another resident.

14. **TRENKAMP** also suffered unnecessary loss of personal dignity, extreme pain and suffering, hospitalizations, degradation, mental anguish, disability, and disfigurement, all of which were caused by the wrongful conduct of Defendants as alleged below.

## COUNT II - NEGLIGENCE

15. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 14 as if fully set forth herein.

16. Defendants owed a non-delegable duty to **TRENKAMP** to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

17. Upon information and belief, Defendants knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to **TRENKAMP**.

18. Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

   a. Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

      1) ensuring that the rules and regulations designed to protect the health and safety of the residents, such as **TRENKAMP**, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

      2) ensuring compliance with the resident care policies for the facility; and

      3) ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

   b. Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

   c. Failure to provide the minimum number of qualified personnel to meet the total needs of **TRENKAMP**;

   d. Failure to maintain all records on **TRENKAMP** in accordance with accepted professional standards and practices;

   e. Failure to ensure that **TRENKAMP** received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

 f. Failure to increase the number of personnel at the facility to ensure that **TRENKAMP** received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

 g. Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

 h. Failure to take all necessary and reasonable custodial measures to prevent the onset and progression of skin breakdown tears during **TRENKAMP'S** residency;

 i. Failure to monitor or increase the number of nursing personnel at the facility to ensure that **TRENKAMP**:

  1) received timely and accurate care assessments;

  2) received prescribed treatment, medication and diet; and

  3) received timely custodial, nursing and medical intervention due to a significant change in condition.

 j. Failure to take reasonable steps to prevent eliminate and correct deficiencies and problems in resident care at the facility;

 k. Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of **TRENKAMP** in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

 l. Failure to provide adequate hygiene and sanitary care to prevent infection; and

 m. Failure to provide proper custodial care.

19. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in injuries to **TRENKAMP**. With regard to each of the foregoing acts of negligence, Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of **TRENKAMP**.

20. That as a direct and proximate result of Defendants' failures to provide proper care to **TRENKAMP**, they breached the applicable standards of care, and as a direct and proximate result

6

of the aforementioned negligence, **TRENKAMP** was caused to sustain serious, permanent and painful injuries to her body, causing great physical and mental pain and anguish and the loss of enjoyment of life and she will continue to suffer such damage in the future, her injuries being permanent in nature; that she is subject to increased risk of future harm; that she has incurred large sums of money for physicians and medical expenses in treatment of said injuries and will be required to incur large sums of money for physicians and medical expenses in the future, her injuries being permanent in nature.

### COUNT III – NEGLIGENCE PER SE AND/OR LIABILITY PER SE

21. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 20 as if fully set forth herein.

22. Defendants' actions constitute violations of various sections and subsections of the Kentucky Revised Statutes, including, but not limited to the following:

   a. Violation(s) of KRS 209.005 *et seq.* and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of **TRENKAMP**;

   b. Violation(s) of KRS 508.090 *et seq.* criminal abuse, by committing intentional, wanton or reckless abuse of **TRENKAMP**, who was physically helpless and/or or mentally helpless or permitting **TRENKAMP**, a person of whom Defendants had actual custody, to be abused. Such abuse caused serious physical injury, placed **TRENKAMP** in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of **TRENKAMP**;

   c. Violation(s) of KRS 530.080 *et seq.* endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of **TRENKAMP**, who was unable to care for herself because of her illness;

   d. Violation(s) of KRS 506.080 *et seq.*, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

    e.  Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

23. Defendants' violations of the above statutes and/or regulations constitutes *negligence per se* and/or *liability per se* pursuant to KRS 446.070 and Kentucky case law as the injuries sustained by **TRENKAMP** are of the type which these statutes and regulations seek to prevent, that she was a member of the class designed to be protected by these statutes and regulations, and that such injuries were proximately caused by Defendants' violation of these statutes and regulations.

24. That as a direct and proximate result of Defendants' violations of Kentucky law, **TRENKAMP** sustained the injuries and damages itemized in Paragraph 20, which is incorporated by reference as if fully set forth herein.

## COUNT IV – CORPORATE NEGLIGENCE

25. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 24 as if fully set forth herein.

26. Upon information and belief, **TRENKAMP** was looking to Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment **TRENKAMP** received was being rendered through employees of Defendants and that any negligence associated with that treatment would render Defendants responsible. Defendants or persons or entities under their control, or to the extent Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including **TRENKAMP**, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

8

27. Defendants owed a non-delegable duty to assist **TRENKAMP** in attaining and maintaining the highest level of physical, mental and psychological well-being.

28. Defendants owed a duty to **TRENKAMP** to maintain their facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

29. Defendants owed a duty to **TRENKAMP** to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendants to insure smoothly run facilities and adequate resident care.

30. Defendants owed a duty to **TRENKAMP** to provide a safe environment for treatment and recovery and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding **TRENKAMP** from danger due to her physical and/or mental incapacity to care for herself. Defendants had a duty to protect **TRENKAMP** from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her physical or mental condition or aberration would suggest as likely to happen.

31. That as a direct and proximate result of Defendants' negligence, **TRENKAMP** sustained the injuries and damages itemized in Paragraph 20, which is incorporated by reference as if fully set forth herein.

## COUNT V - VIOLATION OF RESIDENT'S RIGHTS

32. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 31 as if fully set forth herein.

33. Defendants violated statutory duties owed to **TRENKAMP** as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq*. These statutory duties were non-delegable.

34. The violations of the residents rights of **TRENKAMP** include:

   a. Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

   b. Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

   c. Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

   d. Violation of the right to be free from abuse and neglect; and

   e. Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

35. As a result of the aforementioned violations of the Resident's Rights Statutes by Defendants, pursuant to K.R.S. § 216.515(26), **TRENKAMP** sustained the injuries and damages itemized in Paragraph 20, which is incorporated by reference as if fully set forth herein.

## COUNT VI - VICARIOUS LIABILITY

36. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 35 as if fully set forth herein.

37. The negligent acts of Defendants' agents, servants, employees, nurses, ostensible agents and/or other personnel, occurred while acting within the scope of his/her employment with Defendants, and is imputed to Defendants under the doctrine of respondeat superior.

10

38. That as a direct and proximate result of the negligent acts of Defendants' agents, servants, employees, nurses, ostensible agents and/or other personnel, for which Defendants are vicariously liable, **TRENKAMP** sustained the injuries and damages itemized in Paragraph 20, which is incorporated by reference as if fully set forth herein.

### COUNT VII – VIOLATION OF 42 U.S.C. 1396r, *ET. SEQ.*

39. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 38 as if fully set forth herein.

40. **VILLASPRING** is a nursing home and/or long term care facility that accepts Medicare payments and, as such, 42 USC 1396r *et seq.* applies to **VILLASPRING**.

41. **VILLASPRING**, and its agents, servants, employees, nurses, ostensible agents and/or other personnel, violated 42 USC 1396r(b)(2) in that it did not maintain the highest practicable physical, mental, or psychosocial well-being of each resident, including **TRENKAMP**.

42. **VILLASPRING**, and its agents, servants, employees, nurses, ostensible agents and/or other personnel, violated 42 USC 1396r(b)(4)(A) in that it did not meet the standard of quality care for its residents, including **TRENKAMP**.

43. **VILLASPRING**, and its agents, servants, employees, nurses, ostensible agents and/or other personnel, violated 42 USC 1396r(b)(4)(C) in that it did not maintain sufficient nursing needs of its residents, including **TRENKAMP**.

44. That as a direct and proximate result of **VILLASPRING'S** violations of federal law, **TRENKAMP** sustained the injuries and damages itemized in Paragraph 20, which is incorporated by reference as if fully set forth herein.

## COUNT VIII – PUNITIVE DAMAGES

45. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 44 as if fully set forth herein.

46. The acts and/or omissions of **VILLASPRING** and **CARESPRING** were such major and significant deviations from accepted medical, nursing, and rehabilitation practice that they, in addition to negligence, constituted wanton, reckless disregard and/or grossly negligent conduct. Such acts and/or omissions proximately caused or substantially contributed to the injuries sustained by **TRENKAMP** and as such, render both **VILLASPRING** and **CARESPRING** liable for non-apportioned punitive damages pursuant to KRS 411.184 and Kentucky common law.

**WHEREFORE,** the Plaintiff, **MARY E. TRENKAMP** respectfully demands the following:

A. Judgment for compensatory damages against the above named Defendants in a fair and reasonable amount to be determined by the trier fact;

B. Judgment for non-apportioned punitive damages against each above named Defendant in a fair and reasonable amount to be determined by the trier fact;

C. Pre- and post-judgment interest;

D. Court costs and attorney fees;

E. Trial by Jury;

F. For summons to issue on the Defendant as directed in the above caption; and

G. Any and all other relief to which they may be deemed entitled by the Court.

Respectfully Submitted,

Jay R. Vaughn, Esq., KBA No. 89682
***Busald, Funk, Zevely, P.S.C.***
226 Main Street
P.O. Box 6910
Florence, KY 41022-6910
Tele: (859) 371-3600
Fax: (859) 525-1040
Email: jayvaughn@bfzlaw.com
*Counsel for Plaintiff, Trenkamp*

12

And

M. Chad Trammell, Esq., KBA No. 91320
***The Trammell Law Firm, PLLC***
418 North State Line Avenue
Texarkana, Arkansas 71854
Tele:   (870) 779-1860
Fax:    (870) 779-1861
Email:  chad@thetrammellfirm.com
*Counsel for Plaintiff, Trenkamp*

And

Eric Wewers, Esq.
***The Law Offices of Eric D. Wewers, PLLC***
Plaza West Building
415 North McKinley, Suite 1000
Little Rock, Arkansas 72205
Tele:   (501) 978-8118
Fax:    (501) 975-2443
Email:  eric@edwlaw.com
*Counsel for Plaintiff, Trenkamp*

By: _____
Jay R. Vaughn, Esq., KBA No. 89682

13